NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KEVIN ERICH PAPAZIAN, *Appellant.*

No. 1 CA-CR 21-0147
FILED 1-11-2022

Appeal from the Superior Court in Coconino County
No. S0300CR201700273
The Honorable Ted Stuart Reed, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Coconino County Public Defender's Office, Flagstaff
By Brad Bransky
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Michael J. Brown joined.

---

**T H U M M A,** Judge:

¶1        Defendant Kevin Erich Papazian appeals his convictions and resulting sentences for threatening or intimidating, disorderly conduct with a weapon and disorderly conduct. Because Papazian has shown no error, his convictions and sentences are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        Papazian faced trial on three counts of aggravated assault, alleged to have occurred in February 2016 in a Flagstaff-area hospital. At the end of voir dire, the State used a peremptory challenge against Prospective Juror M.N., who apparently was the only minority on the panel.[1] Papazian's counsel challenged the strike under *Batson v. Kentucky*, 476 U.S. 79 (1986). When asked to justify the strike, the State explained that M.N. did not respond to questions and was "unwilling[] to follow the law."

¶3        Based on answers during voir dire, the court found M.N.'s unwillingness to follow the law was a race-neutral justification for the State's strike and denied Papazian's challenge. The jury later found Papazian guilty of lesser-included offenses, and the court imposed sentences. This court has jurisdiction over Papazian's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(2022).[2]

---

[1] Although Papazian's trial took place in 2018, effective January 1, 2022, The Arizona Supreme Court eliminated peremptory challenges in jury selection for cases governed by the Arizona Rules of Criminal and Civil Procedure. *See* Ariz. Sup. Ct. Order No. R-21-0020 (Aug. 30, 2021).

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**DISCUSSION**

**¶4**        Papazian argues the superior court erred by denying his *Batson* challenge. When reviewing a ruling on a *Batson* challenge, this court defers to the superior court's findings of fact unless clearly erroneous, but reviews de novo application of the law. *State v. Newell*, 212 Ariz. 389, 400-01 ¶ 52 (2006).

**¶5**        A *Batson* challenge "involves three steps: (1) The defendant must make a prima facie showing of discrimination, (2) the prosecutor must offer a race-neutral reason for each strike, and (3) the trial court must determine whether the challenger proved purposeful racial discrimination." *State v. Medina*, 232 Ariz. 391, 404 ¶ 44 (2013) (internal quotation marks and citations omitted). As applicable here, a decision regarding the prosecution's rationale for a peremptory strike is reviewed for clear error. *State v. Roque*, 213 Ariz. 193, 203 ¶ 12 (2006), *abrogated on other grounds by State v. Escalante-Orozco*, 241 Ariz. 254, 267 ¶¶ 13-14 (2017); *see State v. Bustamante*, 229 Ariz. 256, 261 ¶ 16 (App. 2012) ("By asking the prosecutor for a race-neutral explanation for the strike, the judge implicitly found that defendant had met his initial burden to make a prima facie case of intentional discrimination.").

**¶6**        The superior court properly denied Papazian's *Batson* challenge because M.N.'s admitted unwillingness to follow the law was a race-neutral reason for striking him, and Papazian failed to prove the strike amounted to purposeful discrimination.[3] During jury selection, the prosecutor presented the potential jurors with the following hypothetical:

> Let's say this was a speeding case and the allegation was that the defendant was going four miles per hour over the speed limit, which technically is a violation but probably lots of folks do that here. . . . And the law was, you can't go over even by one mile per hour.

The prosecutor then asked the potential jurors whether they could convict a defendant if they did not "agree with the law." M.N. responded: "I think that it's a little bit overkill to bring -- to bring a speeding ticket for four miles

---

[3] As part of his argument on appeal, Papazian contends M.N.'s lack of responsiveness during voir dire was not a proper basis for the court's ruling. The record, however, reflects that the court denied the *Batson* challenge based on M.N.'s unwillingness to follow the law.

over to court. That seems ridiculous. The fine would be too much anyway." The record therefore supports the court's conclusion under *Batson's* second step that the State struck M.N. for a race-neutral reason, his unwillingness to follow the law.

¶7 Moving to the third step in the *Batson* inquiry, Papazian contends the State's race-neutral rationale for striking M.N. was pretextual because the State did not strike Prospective Juror L.G., apparently a non-minority potential juror, who also indicated an unwillingness to follow the law when responding to the "speeding case" hypothetical. *See State v. Gay*, 214 Ariz. 214, 220 ¶ 17 (App. 2007) ("During [*Batson's*] third step, the trial court evaluates the credibility of the state's proffered explanation"); *see also Snyder v. Louisiana*, 552 U.S. 472, 483 (2008) (comparing responses by other potential jurors when assessing race-neutral explanation provided for striking a minority potential juror). But the record shows L.G. immediately clarified that "if the law is the law, [] then it's the way the law is," and expressly affirmed that she would follow the law. Because M.N. made no similar assurance to following the law, his response to the prosecutor's hypothetical substantially differed from L.G.'s response, meaning Papazian's pretext argument fails. *Cf. Snyder,* 552 U.S. at 483. The superior court did not clearly err in rejecting Papazian's *Batson* challenge.

## CONCLUSION

¶8 Papazian's convictions and resulting sentences are affirmed.

